**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                   No. 96-4821

JEFFREY T. MILLER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-96-70)

Submitted: June 19, 1997

Decided: July 3, 1997

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

JeRoyd W. Greene, III, ROBINSON & GREENE, Richmond, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, S.
David
Schiller, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey T. Miller appeals the sentence imposed after his guilty plea
to three counts of possession of counterfeit federal reserve notes in
violation of 18 U.S.C. § 472 (1994); three counts of distribution of
counterfeit federal reserve notes and aiding and abetting, in violation
of 18 U.S.C. §§ 473, 2 (1994); and assaulting a federal agent, in viola-
tion of 18 U.S.C. § 111 (1994). We have reviewed the record, includ-
ing the presentence report and the transcript of the sentencing hearing,
and find that the district court did not clearly err in assessing a two-
level enhancement for obstruction of justice under United States Sen-
tencing Commission, <u>Guidelines Manual</u>, § 3C1.1. (Nov. 1995).

During the preparation of Miller's presentence report and following
the district court's acceptance of Miller's guilty plea, Miller main-
tained that he was innocent and denied all the facts supporting his
conviction, as he had done in an earlier suppression hearing. Further,
during sentencing, Miller went to great lengths to minimize his
involvement in the offense. We find that the district court properly
characterized Miller's actions as "willfully obstruct[ing] or imped[-
ing] the administration of justice during the sentence phase." Such
behavior provided sufficient support for the sentencing enhancement.

Finding no reversible error, we affirm Miller's sentence. We dis-
pense with oral argument because the facts and legal contentions are
adequately presented in the materials before the court and argument
would not aid the decisional process.

<u>AFFIRMED</u>

2

e